IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY IVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  2:11cv553-CSC |
| ) | (WO) |
| AES MECHANICAL SERVICES ) | |
| GROUP, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

ORDER APPROVING SETTLEMENT

Before the Court is a Joint Motion for Approval of Settlement of Plaintiffs' claims alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29U.S.C. §§ 201-219. The court[1] concludes the motion is due to be granted.

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's FoodStores, Inc. v. United States of Am. ex. reI. US Dep't of Labor*, 679 F.2d 1350,13 (II th . 1982).  The court should determine that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354.  After being fully advised of the terms of the settlement agreement, the court finds that it is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  Accordingly, it is

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

ORDERED as follows:

1. That the parties' joint motion for approval of settlement (doc. # 22) be and is hereby GRANTED, and the settlement agreement as outlined in that motion is APPROVED;

2. That this action be and is hereby DISMISSED with prejudice, provided that any party may reinstate the action within thirty days from the date of the entry of this order if the settlement agreement documentation is not consummated; and

3. That the Clerk of the Court is DIRECTED to close this case.

Done this 11th day of April, 2012.

        /s/Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE